ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 29 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

JULIE HENNING DITTO,

    Plaintiff,

v.

PENTAGROUP FINANCIAL, LLC
a Texas limited liability company,

    Defendant.

CIVIL ACTION FILE
NO. 08-CV-0179-WCO

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division who are authorized by law to bring this action.

5. Defendant, PENTAGROUP FINANCIAL, LLC., is a limited liability company formed under the laws of the State of Texas. [Hereinafter, said defendant is referred to as "PENTAGROUP"]

6. PENTAGROUP is subject to the jurisdiction and venue of this Court.

7. PENTAGROUP may be served by personal service upon its registered agent in the State of Texas, to wit: Ransom Lummis, 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

8. Alternatively, PENTAGROUP may be served by personal service upon an authorized agent at its principal place of business in the State of Texas, to wit: 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

9. Alternatively, PENTAGROUP may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Texas.

**FACTS COMMON TO ALL CAUSES**

10. PENTAGROUP uses the mails in its business.

11. PENTAGROUP uses telephone communications in its business.

12. The principle purpose of PENTAGROUPS's business is the collection of debts.

13. PENTAGROUP regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. PENTAGROUP is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. PENTAGROUP is a debt collector subject to the provisions of the Texas Finance Code.

16. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PENTAGROUP communicated with

Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PENTAGROUP communicated with Plaintiff in a manner which violated the Texas Finance Code.

18. On or about August 21, 2008, PENTAGROUP, by and through its agent, left a voice message on Plaintiffs' electronic voice mail requesting a return telephone call.

19. In this message, the caller did not identify the company she worked for or otherwise give meaningful disclosure of the callers' identity.

20. In this message, the caller did not state that the communication was from a debt collector.

21. In this message, the caller did not state that the communication was an attempt to collect a debt.

22. PENTAGROUP attempted to collect an amount not authorized by law.

23. Defendant's communications violate the Fair Debt Collection Practices Act.

24. Defendant's communications violate various provisions of Texas' Finance Code.

25. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

26. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

27. Defendant's violations of the FDCPA include, but are not limited to, the following:

28. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

29. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

30. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

31. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages, as well as an award of costs and attorney fees.

## COUNT TWO: TEXAS FINANCE CODE

32. Defendant's violations of the Texas Finance Code include, but are not limited to, the following:

33. Failing to state in the recorded telephone messages that each of the communications was an attempt to collect a debt and that any information obtained would be used for that purpose in violation of Texas Finance Code, § 392.304(5)(A);

34. Failing to state in the recorded telephone messages that the communication was from a debt collector, in violation of Texas Finance Code, § 392.304(5)(B); and

35. Using any false representation or deceptive means to collect a debt, in violation of the Texas Finance Code, § 392.304(19).

36. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory and actual damages for each such violation, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory and actual damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICES OF JAMES M. FEAGLE, P.C.

by: _____
James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970